### GORDON'S TRANSPORTS, Inc., v. WALLING.
#### No. 10139.

Circuit Court of Appeals, Sixth Circuit.
April 14, 1947.

204

Wrape & Hernly, of Memphis, Tenn., for appellant.

Glenn M. Elliott, of Nashville, Tenn., for appellee.

Before HICKS, ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

This case came on to be heard upon the record and briefs and oral argument of counsel.

And it appearing that the appellant is a motor carrier, operating in interstate commerce under a certificate of convenience and necessity issued by the Interstate Commerce Commission, and that it maintains a freight terminal and warehouse in Memphis, Tennessee, in which it employs certain workmen designated as "breakout men," "wheelers," and "hostlers;"

And it appearing that the District Court in extended findings of fact determined that "breakout men," "wheelers," and "hostlers" do not fall within the terms of section 13(b) (1) of the Fair Labor Standards Act, 29 U.S.C.A. § 213(b) (1), which exempts from § 7 of the Act, 29 U.S.C.A. § 207, "any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of § 204 of the Motor Carrier Act of 1935, 49 U.S.C.A. § 304;

And it appearing that the determination of the District Court is in accordance with the rule laid down in Pyramid Motor Freight Corp. v. Ispass et al., 67 S.Ct. 954, and that the findings of the District Court are clearly supported by the record:

It is ordered that the judgment be, and it hereby is, affirmed.